# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### August 24, 2010 Session

## EARLENE WADDLE v. LORENE B. ELROD

### Appeal from the Chancery Court for Rutherford County
#### No. 07-0147CV     Robert E. Corlew, III, Chancellor

### No. M2009-02142-COA-R3-CV - Filed April 29, 2011

The trial court's enforcement of a settlement agreement between the parties' attorneys is appealed on the sole basis that the Statute of Frauds precludes enforcement since the parties never signed any agreement and the settlement pertained to real property. Because the Statute of Frauds concerns the sale of real property interests and not settlement agreements touching upon real property interests, it is not a bar to enforcement of a settlement agreement. The trial court is affirmed on that issue. The trial court's assessment of court costs, however, is reversed as it differs from the parties' agreement.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

W. Kennerly Burger, Murfreesboro, Tennessee, for the appellant, Lorene B. Elrod.

Mary Beth Hagan, John T. Blankenship, Murfreesboro, Tennessee, for the appellee, Earlene Waddle.

**MEMORANDUM OPINION**[1]

The narrow issue on appeal concerns whether the Statute of Frauds prohibits enforcement of a settlement agreement between two parties concerning real property.

The cross complainants who brought this appeal were originally defendants in this action brought by Regent Investments ("Regent"). The complaint filed by Regent in January of 2007 alleged that it had a contract to purchase residential property ("Property") in Rutherford County from the defendant, Earlene Waddle. According to the complaint, Ms. Waddle warranted that she could convey clear title to the Property. However, the complaint alleges that in violation of this warranty, Ms. Waddle had conveyed one-half her interest in the Property to her niece, Ms. Lorene Elrod. Regent sought to recover for breach of contract and a declaratory judgment as to ownership of the Property.

In May of 2007, Ms. Waddle then filed a cross complaint against her niece, Ms. Elrod, alleging, among other things, undue influence over Ms. Waddle in the conveyance of the Property.

Regent dismissed its claims against Ms. Waddle and Ms. Elrod in June of 2009 in exchange for return of the earnest money Ms. Waddle had received from Regent. Consequently, the remaining action was between Ms. Waddle and Ms. Elrod.

Ms. Elrod and Ms. Waddle reached a settlement agreement memorialized by e-mails between their counsel. Over Ms. Elrod's later objection, the trial court entered an order recognizing their agreement that Ms. Elrod would return the one-half interest in the Property to Ms. Waddle.

Ms. Elrod appeals arguing that the trial court erred by finding the parties had reached an enforceable settlement agreement in violation of the Statute of Frauds. Ms. Waddle appeals only the trial court's assessment of court costs against her.

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

**ANALYSIS**

The following facts are not disputed on appeal. The day before trial, counsel for Ms. Waddle received an offer from Ms. Elrod's counsel to settle the case if Ms. Elrod would return the one-half interest in the Property. Counsel for Ms. Waddle accepted the offer if she would bear no court costs. The parties' attorneys confirmed the agreement in a series of e-mails. The key e-mail to Ms. Elrod's attorney from Ms. Waddle's attorney provides as follows:

> This confirms that we have settled this case on the following terms: Elrod deeds property interest back to Wadle (sic). Both parties sign full release, Wadle (sic) bears no court costs. Let me know if I have correctly stated our agreement.

Ms Elrod's attorney responded "that is the agreement" and that Ms. Waddle's attorney would draft the deed and order with no admission of guilt. Ms. Elrod, however, refused to sign the documents necessary to effectuate this agreement. Ms. Elrod's attorney withdrew based on her refusal to proceed with the settlement.

Ms. Waddle filed a motion for the trial court to enter an Order of Settlement recognizing a settlement agreement that had been reached between the parties. Over the objection of Ms. Elrod, on September 15, 2009, the trial court entered an Order Entering Settlement Agreement finding that the case between them had been resolved and an order memorializing their agreement should be entered.

Considering testimony and reviewing the e-mail correspondence, the trial court found the parties reached the agreement in the e-mail correspondence. The trial court specifically found that when Ms. Elrod refused to sign the necessary documents she stated that she had changed her mind and she to no longer wanted to settle. Accordingly, the trial court entered an order that all of Ms. Elrod's interest in the Property is divested from Ms. Elrod and wholly vested in Ms. Waddle. All claims between Ms. Waddle and Ms. Elrod were dismissed with each party bearing their own attorney's fees and costs. Costs of the proceeding below were assessed against Ms. Waddle.

On appeal, Ms. Elrod does not challenge the factual findings by the trial court or that an agreement was reached by the parties to settle. Instead, Ms. Elrod argues that since the settlement agreement involved real property, then under the Statute of Frauds, Tenn. Code Ann. § 29-2-101(A)(4), the parties' agreement is unenforceable.

Tenn. Code Ann. § 29-2-101(A)(4) provides that no action shall be brought "[u]pon any contract for the sale of lands, tenements, or hereditaments" unless the agreement or memorandum or note is in writing and signed by the party or a lawfully authorized representative.

The settlement agreement between the parties, however, was just that - an agreement to settle a lawsuit between the parties and was not, as described in the Statute of Frauds, a sale of any interest in real property. While one party agreed to convey an interest in real property to effectuate the agreement, it was not a "contract for the sale" of an interest in real property. Consequently, Ms. Elrod's appeal fails.

Ms. Waddle, on the other hand, appeals the trial court's assessment of court costs against her since the parties' explicit agreement provided that she would pay no court costs. We agree and reverse the trial court's assessment of court costs against Ms. Waddle.

The trial court is affirmed except as it relates to the trial court's assessment of court costs against Ms. Waddle, which assessment is reversed, and the matter is remanded for assessment of court costs against Ms. Elrod.

Costs of appeal are assessed against Ms. Elrod for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE